# SUPPLEMENTAL RIDER TO MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Supplemental Rider to Release and Settlement Agreement (the "Rider") is made this _____ day of _____, 2016 (the "Effective Date"), by Construction Resources of Indiana, Inc., Geiger Excavating, Inc., Geiger Leasing, LLC, Jay Geiger, Jodi Geiger (" DEFENDANTS").

## RECITALS

WHEREAS, Plaintiffs filed suit against Defendants, in a certain action entitled *Joshua Bligh and Darrin Eastlick, on Behalf of Themselves and All Others Similarly Situated, v. Construction Resources of Indiana, Inc., Geiger Excavating, Inc., Geiger Leasing, LLC, Jay C. Geiger, and Jodi Geiger*, Cause number 1:15-cv-00234-JD-SLC;

NOW THEREFORE, in consideration of the mutual covenants contained in the Mutual Release and Settlement Agreements executed on May 24, 2016 (attached hereto), the Parties hereby agree as follows:

## AGREEMENT

Recitals. The Recitals set forth above are incorporated herein by reference.

## ARTICLE I

Section 1.00.  Dismissal.  Upon the Court approval of this Rider, as well as approval of the Mutual Release and Settlement Agreements attached hereto, the Parties shall file a stipulation of dismissal with prejudice of all claims in the Lawsuit.

## ARTICLE II

Section 2.00.  Defendants Release Plaintiffs.  Upon Court approval of this Rider, as well as approval of the Mutual Release and Settlement Agreements attached here, Defendants hereby release and forever discharge Plaintiffs from any and all claims, counterclaims, demands, damages, debts, liabilities, controversies, obligations, actions or causes of action of any nature whatsoever, whether based in tort, contract, indemnity, rescission, warranty, strict liability, or any other theory of recovery, and whether or not for compensatory, punitive, equitable or other relief, whether known, unknown, suspected or unsuspected, arising out of or related to any act, statement, or other thing whatsoever done, omitted, or suffered to be done or to be omitted, or occurring or failing to occur at any time prior to the execution of this Rider.

## ARTICLE III
## MISCELLANEOUS

Section 3.01. <u>Authority</u>. The Parties represent and warrant to each other that the undersigned has been duly authorized to execute this Rider and to bind each Party to the terms and obligations of this Rider.

Section 3.02. <u>Entire Agreement</u>. This Agreement, the Mutual Release and Settlement Agreements attached hereto, and any other documents that may need to be executed and delivered in connection herewith to effectuate the terms of this Agreement constitute the entire agreement of the parties with respect to the subject matter hereof, and supersede all prior understandings with respect to the subject matter hereof. No change, modification, addition or termination of this Agreement shall be enforceable unless in writing and signed by the parties against whom enforcement is sought.

Section 3.03. <u>Benefit</u>. This Rider shall be binding upon and shall inure to the benefit of the parties to the Mutual Release and Settlement Agreement and their respective heirs, successors and assigns. No party may assign any of its rights or obligations under this Rider without the prior written consent of the other parties.

Section 3.04. <u>Headings</u>. The Article and Section headings used in this Rider have been included solely for ease of reference and shall not be considered in the interpretation or construction of this Rider.

Section 3.05. <u>Waiver</u>. No waiver of any of the provisions hereof shall be effective unless in writing and signed by the party to be charged with such waiver. No waiver shall be deemed a continuing waiver with respect to any breach or default, whether of similar or different nature, unless expressly stated in writing.

Section 3.06. <u>Severability</u>. If any provision or part of any provision of this Rider or any of the other related documents or their application shall be deemed or declared invalid, illegal or unenforceable in total or with regard to any person in any respect by a court of competent jurisdiction, the validity, legality, and enforceability of all other applications of that provision and of all other provisions of this Rider shall not in any way be affected or impaired thereby.

Section 3.07. <u>Multiple Originals and Counterparts</u>. This Rider may be executed in one or more counterparts, and such counterparts, when taken together, shall constitute one and the same original instrument.

Section 3.08. <u>Attorneys Fees.</u> In any litigation, arbitration, or other proceeding by which one Party seeks to enforce its rights under this Rider the prevailing party shall be awarded its reasonable attorney fees, and costs and expenses incurred.

IN WITNESS WHEREOF, the Parties agree to be bound by the provisions of this Agreement as of the date first hereinabove set forth.

                                            Received and agreed to by Jay Geiger, on behalf of himself, Construction Resources of Indiana, Inc., Geiger Excavating, Inc., Geiger Leasing, LLC:

Date:   8/8/16

*/s/ Jay Geiger*
Jay Geiger

                                            Received and agreed to by Jodie Geiger, on behalf of herself:

Date:   8/8/16

*/s/ Jodie Geiger*
Jodie Geiger

151170\3419823-1

150504\3196361-1