UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JOSHUA BLIGH, *et al.*, | ) |  |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | CAUSE NO. 1:15-cv-00234-JD-SLC |
| CONSTRUCTION RESOURCES OF INDIANA, INC., *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court in this case under the Fair Labor Standards Act ("FLSA") is a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice. (DE 29). Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1, District Judge Jon E. DeGuilio referred this motion to the undersigned Magistrate Judge for a Report and Recommendation. (DE 33). Having reviewed the record, and having conducted a hearing on the motion (DE 37), the undersigned Magistrate Judge recommends that the motion approving the settlement and dismissing the case be GRANTED.

*A. Factual and Procedural Background*

On August 25, 2015, Plaintiffs Joshua Bligh and Darrin Eastlick, on behalf of themselves and all others similarly situated, filed this FLSA collective action against their former employers, Defendants Construction Resources of Indiana, Inc., Geiger Excavating, Inc., Geiger Leasing, LLC, Jay C. Geiger, and Jodi Geiger, seeking to recover unpaid overtime compensation for their work in repairing a fleet of vehicles used by Defendants.[1] (DE 1). On October 28,

---

[1] Plaintiffs also initially named as Defendants Corporate Air Leasing, LLC, Jennifer Geiger, and Timothy L. Claxton, but these Defendants have since been dismissed. (DE 18).

2015, Defendant Geiger Excavating, Inc., advanced a counterclaim of conversion, unjust enrichment, and fraud against Eastlick. (DE 17).

At a preliminary pretrial conference on December 3, 2015, the Court set the following deadlines: February 15, 2016, for Plaintiffs to seek leave to amend the pleadings; March 16, 2016, for Defendants to seek leave to amend the pleadings; and July 30, 2016, for the completion of all discovery. (DE 22; DE 23). On February 16, 2016, the Court granted the parties' joint motion to extend the deadlines to seek leave to amend the pleadings to March 15, 2016, for Plaintiffs, and April 16, 2016, for Defendants. (DE 28).

On May 25, 2016, the parties filed the instant joint motion, requesting that the General Release and Settlement Agreement ("the Agreement"), be approved and that the case be dismissed with prejudice.[2] (DE 29; DE 31; DE 32). A hearing was held on the motion on July 28, 2016, at which counsel for the parties appeared telephonically. (DE 37). Subsequent to the hearing, the parties filed a supplement to the Agreement, clarifying its mutual release provision. (DE 39-1).

Pursuant to the Agreement, each of the two Plaintiffs will receive a gross settlement payment of $1,250, of which $500 will be issued to Plaintiff and $750 will be issued to his attorney. (DE 31 ¶ 3; DE 32 ¶ 3). The Agreement contains a mutual release provision whereby Plaintiffs and Defendants will release each other from any and all claims, including Plaintiffs' FLSA claims against Defendants and Geiger Excavating, Inc.'s counterclaim against Eastlick. (DE 31 ¶¶ 1, 4; DE 32 ¶¶ 1, 4; DE 39-1).

---

[2] The parties also filed a Joint Motion to Maintain Documents Under Seal, seeking to seal the Agreement. (DE 30). However, the undersigned Magistrate Judge denied that motion at the hearing for the reasons stated on the record. (DE 37).

*B. Applicable Legal Standard*

"[S]tipulated settlements in a FLSA case must be approved by the Court . . . ." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) (second alteration in original) (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV 4377 (KAM)(CLP), 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)). "To determine the fairness of a settlement under [the] FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (alteration in original) (quoting *Misiewicz*, 2010 WL 2545439, at *3) (internal quotation marks omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (alteration in original) (quoting *Misiewicz*, 2010 WL 2545439, at *3) (internal quotation marks omitted).

*C. Discussion*

At the hearing, counsel's statements were heard concerning the Agreement's terms. Counsel discussed the complexity, expense, and likely duration of this litigation; the risks with respect to establishing liability and damages; the reasonableness of the settlement in light of the best and lowest possible recovery; the mutual release of claims; and the proportion of attorneys' fees relative to the settlement. Under the specific circumstances presented in this instance, counsel agreed that the terms of the Agreement are fair and just to the parties.

To elaborate, counsel exchanged three sets of discovery requests in an attempt to reach

an early resolution of this case, even before it proceeded to mediation. Accordingly, the parties have been able to thoroughly evaluate the strengths and weaknesses of their claims and defenses; in particular, the parties have been able to review their respective positions regarding Plaintiffs' overtime claims and the motor carrier exemption to the FLSA. As a result of their discovery and their legal research into the motor carrier exemption, counsel have agreed that the FLSA does not apply to Plaintiffs' specific job duties—repairing vehicles weighing more than 10,000 pounds—which essentially eviscerates Plaintiffs' FLSA claims.

Furthermore, the Agreement includes a mutual release provision. Accordingly, the Agreement resolves not only Plaintiffs' FLSA claims against Defendants, but also Geiger Excavating, Inc.'s counterclaim against Eastlick. Counsel agreed that although more discovery is necessary concerning the counterclaim, Eastlick's financial exposure to Geiger Excavating, Inc., on the counterclaim likely exceeds any potential recovery that he could receive if Plaintiffs were to prevail on their FLSA claims.

Under these circumstances, counsel agreed that the small settlement amount awarded to Plaintiffs ($1,250 each) is a useful compromise in that Plaintiffs do not go away empty-handed, the counterclaim against Eastlick is resolved, and Defendants are able to resolve the FLSA litigation without incurring the legal fees that preparing and defending a dispositive motion would require. In that regard, counsel estimated that the parties could incur up to $25,000 in additional legal fees due to the need to take further depositions on the counterclaim and the need to complete further briefing on the motor carrier exemption. As such, counsel agreed that entering into the Agreement is the most cost-efficient way to resolve this case.

Counsel further explained that the Agreement was reached through extensive

4

negotiations between the parties' counsel, all while assessing the evidence that affected the parties' best and worst case scenarios. Counsel agreed that the Agreement reflects a reasonable compromise of the issues under the particular circumstances presented and that it was reached in an adversarial context in which all the parties were represented by counsel.

Having considered the Agreement and counsel's statements, the undersigned Magistrate Judge is persuaded that, in this particular instance, the Agreement reflects a fair and reasonable compromise of the parties' dispute. This suit was filed in August 2015, and discovery has proceeded for at least three months, allowing the parties sufficient opportunity to gain a fairly clear understanding of the nature of the case, Plaintiffs' FLSA claims, and the counterclaim against Eastlick. The parties are represented by experienced counsel, who have negotiated in good faith and at arm's length, and such counsel have concluded that the value of an immediate settlement concerning overtime wages outweighs the little to no possibility of additional relief to Plaintiffs after lengthy, expensive litigation. The amount that will be received by Plaintiffs is fair, reasonable, and adequate in light of the claims set forth in the complaint, the parties' agreement that their claims are unworthy of further pursuit, and the counterclaim pending against Eastlick.

As to the amount of attorneys' fees awarded under the Agreement, "[p]roportionality is the comparison between a plaintiff's damages and attorneys' fees." *Dominguez v. Quigley's Irish Pub., Inc.*, 897 F. Supp. 2d 674, 686 (N.D. Ill. 2012) (citing *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 546 (7th Cir. 2009)). "There is no strict rule of proportionality, and the Seventh Circuit has repeatedly rejected the notion that the fees must be calculated proportionally to damages." *Id*. (quoting *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821,

823 (7th Cir. 2009); *Anderson*, 578 F.3d at 544-45) (internal quotation marks omitted).

However, "[a] request for fees that is a large multiple of the amount awarded should cause the court to pause and reflect on the fee requested." *Id.* (citing *Anderson*, 578 F.3d at 546).

Here, Plaintiffs' counsel will receive $1,500 of Plaintiffs' total recovery of $2,500. Therefore, the attorneys' fees under the Agreement are 60 percent of the settlement amount. While the attorneys' fees represent an unusually large percentage of the settlement as a whole, they are still modest in light of the time and expense that Plaintiffs' counsel has spent on this case. *See, e.g.*, *Paredes v. Monsanto Co.*, No. 4:15-CV-088 JD, 2016 WL 1555649, at *2 (N.D. Ind. Apr. 18, 2016) (approving $6,000 in attorneys' fees payable to Plaintiffs' counsel even though it exceeded plaintiffs' total recovery of $3,500); *Raymer v. Mollenhauer*, No. 3:10-CV-210-PS, 2011 WL 338825, at *1 (N.D. Ind. Jan. 31, 2011) (approving $52,410 in attorneys' fees and costs where plaintiffs' total recovery was $75,000). Thus, the Court does not find the distribution of the settlement between Plaintiffs and their counsel to be cause for concern.

In sum, the undersigned Magistrate Judge concludes that, in this particular instance, the Agreement is fair and reasonable in light of Plaintiffs' concession that their claims are unworthy of further pursuit, the counterclaim against Eastlick, and the risk and expense that further litigation would entail. Therefore, it will be recommended that the joint motion for approval of the Agreement be granted and that the action be dismissed with prejudice.

*D. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the Joint Motion to Approve Settlement and for Entry of Order of Dismissal with Prejudice and Without Attorneys' Fees or Costs (DE 29) be GRANTED and that the case be DISMISSED with

prejudice.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 10th day of August 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge